JS - 6

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVERETT SEYMOUR, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>MCLANE COMPANY, INC., *et al.*,<br><br>    Defendants. | NO.  ED CV-08-007-RHW<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

Before the Court is Defendants' Motion for Summary Judgment (Ct. Rec. 178). Because Plaintiffs have failed to create a genuine issue of material fact, and because they have admitted a set of critical facts that are now uncontested, the Court grants the motion in its entirety.

This is an old case with a bitter history of bad blood between Plaintiffs and defense counsel. The case was originally filed as a putative class action, in which Plaintiffs (truck drivers who worked for Defendants' food distribution centers) set forth three basic allegations: (1) Defendants created time constraints that pressured Plaintiffs not to take their state-law mandated meal and rest breaks; (2) Plaintiffs' pay was incorrectly calculated because Defendants inaccurately measured the cubic volume of Plaintiffs' cargo; and (3) Plaintiffs were not compensated for time spent performing vehicle inspections required under state law, and preparing pre- and post-route paperwork.

Judge Larson denied class certification on March 30, 2009 (Ct. Rec. 97).

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** * 1

Since then, the case was transferred to this Court, who permitted Plaintiffs' counsel to withdraw because, per the terms of their original agreement with Plaintiffs, counsel had agreed only to represent Plaintiffs in a class action suit. The relationship between Plaintiffs and counsel had also broken down, and Plaintiffs had essentially accused their attorneys of colluding with defense counsel (an accusation now made openly in Plaintiff Seymour's declaration). Since Plaintiffs' counsel withdrew, they have been proceeding *pro se*.

Plaintiffs have failed to participate meaningfully in discovery, a history that is set forth in Defendants' Memorandum (Ct. Rec. 178, pp. 4-10). This includes failing to respond to a request for admissions. Under Fed. R. Civ. P. 36(a)(3), failing to respond to a request for admissions constitutes admitting the matter set forth in the request. Therefore, all thirty of the factual statements set forth in Defendants' request for admissions (repeated at pp. 10-12 of Defendants' Memorandum) are deemed conclusively established for trial. This effectively destroys Plaintiffs' claims, because the factual statements go to the merits of each of Plaintiffs' causes of action.

## STANDARD OF REVIEW

Summary judgment shall be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is (1) no genuine issue as to (2) any material fact and that (3) the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A "material fact" is determined by the substantive law regarding the legal elements of a claim. *Id.* at 248. If a fact will affect the outcome of the litigation and requires a trial to resolve the parties' differing versions of the truth, then it is material. *S.E.C. v. Seaboard*

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** * 2

*Corp.*, 677 F.2d 1301, 1305-06 (9th Cir. 1982). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Liberty Lobby,* 477 U.S. at 248.

The moving party has the burden of showing the absence of a genuine issue as to any material fact. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970). In accord with Rules of Civil Procedure 56(e), a party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but... must set forth specific facts showing that there is a genuine issue for trial." *Id.* Summary judgment is appropriate only when the facts are fully developed and the issues clearly presented. *Anderson v. American Auto. Ass'n*, 454 F.2d 1240, 1242 (9th Cir. 1972). "Rule 56(c) mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## ANALYSIS

Defendants discuss in detail a recent case out of the Eastern District of California in which a Magistrate Judge found that a *pro se* prisoner's failure to respond to a request for admissions conclusively established critical evidence that justified granting summary judgment against him. *Robles v. Chimky*, 2010 WL 235071 (E.D. Cal. 2010). Although *Robles* is certainly not binding authority here, the Court finds that it is consistent with Ninth Circuit precedent.

The Ninth Circuit's standard with respect to admissions is set forth in *Conlon v. United States*, 474 F.3d 616, 621-22 (9th Cir. 2007). The Court may rely on unanswered requests for admission as a basis for granting summary judgment; the Court may also permit a withdrawal of admissions "only when (1) the presentation of the merits of the action will be subserved, and (2) the party who obtained the admission fails to satisfy the court that withdrawal or amendment will

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** * 3

prejudice that party in maintaining the action or defense on the merits." (*Id.* at 621) (quotation omitted).

Here, Plaintiffs have not filed a motion to withdraw their admissions, as required under Fed. R. Civ. P. 36(b). In their Memorandum in Opposition, Plaintiffs also do not ask to withdraw the admissions, nor do Plaintiffs explain why they failed to respond to the request for admissions (Ct. Rec. 193, pp. 6-7). Based on Plaintiffs' *pro se* status, the Court could view the issue with leniency and apply the test for withdrawal of admissions anyway. Nonetheless, the Court would find that the test is not met here because Defendants would be prejudiced by the withdrawal.

Clearly, the admissions go to the heart of the case, so the first prong of the test is met. However, Plaintiffs' history of failing to participate meaningfully in discovery demonstrates that permitting withdrawal would severely prejudice Defendants. Defendants have attempted to discover facts critical to the merits of Plaintiffs' claims, but have not been able to do so due to Plaintiffs' failures to participate. Indeed, Plaintiffs' limited participation in depositions occurred only in response to a Court order (Ct. Rec. 172). Withdrawing the admissions would therefore prejudice Defendants' ability to maintain a defense on the merits.

Moreover, even if the admissions were withdrawn, the Court finds that summary judgment would still be appropriate on the merits because Plaintiffs have failed to provide any admissible evidence in support of their claims. What the Court has is a rambling Declaration from Plaintiff Seymour describing the "terror campaign" and "blackmail" conducted by defense counsel, former Plaintiffs' counsel, and Defendant McLane, followed by over a hundred pages of unexplained and unorganized discovery materials (Ct. Rec. 194). Defendants have moved to strike this submission as inadmissible, and the Court hereby grants that motion. However, even if the Court were to consider this material, the Court finds in it no admissible evidence supporting the elements of Plaintiffs' claims.

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** * 4

Finally, the Court notes that Plaintiffs' response was filed well beyond the time limit set forth in the Local Rules, and the Court could construe that failure to file a timely response as consent to entry of an adverse order under the Local Rules. Treating Plaintiffs with leniency, the Court has accepted Plaintiffs' late response, but retains the discretion to grant Defendants' Motion on this basis as well.

For all the foregoing reasons, the Court grants Defendants' Motion for Summary Judgment.

The final issue is one of attorneys' fees. Before the Court is a motion for fees Defendants filed after the Court dismissed Plaintiff Johnson for failure to prosecute (Ct. Rec. 151).

It is clear that a prevailing party in this litigation is entitled to costs and fees in general: "In any action brought for the nonpayment of wages, fringe benefits, or health and welfare or pension fund contributions, the court shall award reasonable attorney's fees and costs to the prevailing party if any party to the action requests attorney's fees and costs upon the initiation of the action." Cal. Labor Code § 218.5. Plaintiffs' Complaint claimed unpaid wages (First Amended Complaint, Ct. Rec. 1-8, Ex. X, p. 466, First Cause of Action) and attorney's fees under § 218.5 (*Id.*, p. 476, Prayer).

There is little case law interpreting § 218.5, but the Court finds one unpublished case from 2005 squarely rejecting an employee's argument that the Court should weigh equitable factors in determining whether to award a prevailing employer fees under this section. *Wagner v. Lim*, 2005 WL 635059, *6 (Cal. App. 4th Dist. 2005) ("[W]e decline [plaintiff's] invitation to rewrite section 218.5's mandatory language into discretionary language."). There appear to be no exceptions to this mandatory rule.

Because the Court dismissed Plaintiff Johnson for failure to prosecute, Defendants are prevailing parties and are entitled to costs and fees from Plaintiff

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** * 5

Johnson. *Elms v. Builders Disbursements, Inc.*, 232 Cal. App. 3d 671, 675 (Cal. App. 4th Dist. 1991); *Wong v. Davidian*, 206 Cal. App. 3d 264, 271 (Cal. App. 4th Dist. 1988); *Winick Corp. v. Safeco Ins. Co.*, 187 Cal. App. 3d 1502, 1508 (Cal. App. 2d Dist. 1986). Because the Court has found that Defendants are entitled to summary judgment against Plaintiffs Seymour and McElroy, Defendants are entitled to costs and fees from them as well.

However, Defendants have attempted no showing that they are entitled to fees for counsels' work on any cause of action other than Plaintiffs' first. Defendants have not segregated the hours spent on that one claim from time spent on other claims. They are required to do so:

> When a cause of action for which attorney fees are provided by statute is joined with other causes of action for which attorney fees are not permitted, the prevailing party may recover only on the statutory cause of action. However, the joinder of causes of action should not dilute the right to attorney fees. Such fees need not be apportioned when incurred for representation of an issue common to both a cause of action for which fees are permitted and one for which they are not. All expenses incurred on the common issues qualify for an award.

*Akins v. Enterprise Rent-A-Car Co. of San Francisco*, 79 Cal. App. 4th 1127, 1133 (Cal. App. 1st Dist. 2000).

Therefore, Defendants are directed to submit additional briefing that: (1) apportions fees between Plaintiffs' first cause of action and all others, and/or explains why apportionment is not possible; and (2) apportions fees between individual Plaintiffs to the extent possible.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' Motion for Summary Judgment (Ct. Rec. 178) is **GRANTED.**

2. Defendants' Motion for Attorneys' Fees (Ct. Rec. 151) is **GRANTED in part.** On or before **January 31, 2011**, Defendants shall submit a supplemental brief that: (1) apportions fees between Plaintiffs' first cause of action and all others, and/or explains why apportionment is not possible; and (2) apportions fees

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT * 6

between individual Plaintiffs to the extent possible.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this order and to provide copies to counsel and Plaintiffs.

**DATED** this 18th day of January, 2011.

*s/Robert H. Whaley*
ROBERT H. WHALEY
United States District Judge

C:\Temp\notesE1EF34\~3469313.wpd

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** * 7