UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EVERETT SEYMOUR, et al., | ) | NO. ED CV 08-0007-RHW(Ex) |
| Plaintiffs, | ) ) ) | MEMORANDUM AND ORDER RE: STATEMENT |
| v. | ) ) | OF THE EVIDENCE OR PROCEEDINGS |
| McLANE COMPANY, INC., etc., et al., | ) ) | WITH RESPECT TO THE JULY 13, 2010 |
| Defendants. | ) ) | TELEPHONIC SCHEDULING CONFERENCE |
| _____ | ) ) | [RULE 10(c) OF THE FEDERAL RULES OF APPELLATE PROCEDURE] |

By "Order of Reference" filed June 17, 2010, Judge Whaley referred the underlying litigation to the Magistrate Judge for a settlement conference. The same order directed the parties to contact the Magistrate Judge's chambers to schedule the conference.

In early July, 2010, the Magistrate Judge learned that: (1) despite consultation among the parties and the courtroom deputy clerk, there had been no agreement with respect to an appropriate date for the settlement conference; and (2) Plaintiff David McElroy was asking the courtroom deputy clerk to have the Magistrate Judge

"intervene" into the scheduling dispute. Through the courtroom deputy clerk, the Magistrate Judge then set a July 13, 2010 telephonic conference with all parties to discuss the scheduling of the settlement conference.

During this brief telephonic conference on July 13, 2010, the Magistrate Judge scheduled a settlement conference to occur on August 2, 2010.[1] Many months later, the Magistrate Judge learned that the Court could not prepare a transcript of the July 13, 2010 telephonic scheduling conference because the cassette tape intended to be used to record the conference had not, in fact, recorded the conference.

As part of the record for an appeal, Plaintiffs now seek a "statement of the evidence or proceedings" with respect to the July 13, 2010 telephonic scheduling conference, pursuant to Rule 10(c) of the Federal Rules of Appellate Procedure. In this regard, Plaintiffs reportedly served on Defendants a proposed "Recreation," and Defendant responded with a proposed "Paraphrased Reconstruction of Hearing Transcript." See "Defendants' and Appellees' Objections and Proposed Amendments, etc.," filed August 19, 2011. Judge Whaley referred this matter to the Magistrate Judge on September 13, 2011. See "Order of Reference," filed September 13, 2011; see also "Amended Order of Reference," filed September 14, 2011.

///

---

[1] At the August 2, 2010 settlement conference, a settlement was reached as to Plaintiff Ronald Sellers only. The litigation continued as to the remaining Plaintiffs.

On September 14, 2011, the Magistrate Judge issued a Minute Order requiring that Plaintiffs file a Reply within thirty days. The Minute Order provided: "If Plaintiffs contend that there exist any material inaccuracies or material omissions in Defendants' 'Paraphrased Reconstruction of Hearing Transcript' set forth in the right-hand columns of pages 2-3 of the 'Proposed Amendments by Defendants/Appellees,' then Plaintiffs' Reply shall specify each such alleged material inaccuracy and each such alleged material omission." Within the time allotted for Plaintiffs' Reply, the Magistrate Judge received only a single Reply, filed by Plaintiff Everett Seymour on September 26, 2011. This Reply did not specify each "material inaccuracy" and each "material omission" allegedly contained in Defendants' "Paraphrased Reconstruction of Hearing Transcript." Instead, the bulk of the Reply complains of the Court's failure to produce a transcript, criticizes the length of time taken by the Court to advise Plaintiffs of the circumstances regarding the Court's inability to produce a transcript, and expresses vague suspicions concerning a courtroom deputy clerk. With regard to the focus of the Magistrate Judge's September 14, 2011 Minute Order, that is, the extent to which Plaintiffs take issue with Defendants' "Paraphrased Reconstruction of Hearing Transcript," the Reply states only:

> Now we go to the statement supposedly by Judge Eick in the Defendants Proposed Amended Recreation does not make sense about the declaratory attorneys fees. The ruling on the declaratory attorney fees was denied on 5/25/2010 docket #156, the only attorneys fees left to be ruled on at the time of the hearing were the attorneys fees filed by David

```
 1        Wimmer on 5/17/2010 docket #s 152,153,154.  All the facts
 2        show that the Defendants statement is not worth the paper
 3        it's written on.  We stand by the recreation in full
 4        submitted by Plaintiffs.
```

(Reply at 3).

After considering the parties' differing recreations or reconstructions of the July 13, 2010 telephonic scheduling conference, the Magistrate Judge finds that the Defendants' "Paraphrased Reconstruction of Hearing Transcript" comports much more closely to the Magistrate Judge's recollection of what was actually said at the scheduling conference.  The Magistrate Judge hereby settles and approves the following statement of the evidence or proceedings with respect to the July 13, 2010 telephonic scheduling conference:

```
      COURT CLERK:      I'm going to call the case.  Calling ED CV 08-
                        0007-RHW(Ex), Everett Seymour, et al. v. McLane
                        Company, et al.  Please state your appearances.
      EVERETT SEYMOUR:  Everett Seymour.
      DAVID McELROY:    David McElroy.
      RONALD SELLERS:   Ronald Sellers.
      DAVID WIMMER:     David Wimmer of Swerdlow, Florence, Sanchez,
                        Swerdlow and Wimmer, counsel for Defendants.
      COURT:            Thank you all.  The purpose of this call
                        is to find a date on which to hold the
                        settlement conference.
      DAVID WIMMER:     Defendants have thirteen dates available in
```

| | | |
|---|---|---|
| 1 | | August and September for the settlement |
| 2 | | conference, including August 2, 2010. |
| 3 | COURT: | August 2, 2010 is available on the Court's |
| 4 | | calendar. |
| 5 | DAVID McELROY: | Plaintiffs want July 23, 2010 for the |
| 6 | | settlement conference. |
| 7 | DAVID WIMMER: | One of McLane's attorneys, Matthew Kane, is not |
| 8 | | available on July 23, 2010. |
| 9 | COURT: | Why would it matter if the settlement |
| 10 | | conference were conducted in late July instead |
| 11 | | of early August? |
| 12 | DAVID McELROY: | Plaintiffs are aware of the court's deadlines |
| 13 | | and believe they need to conduct the settlement |
| 14 | | conference as quickly as possible. |
| 15 | COURT: | The discovery cut-off date is September 14, |
| 16 | | 2010. |
| 17 | EVERETT SEYMOUR: | Plaintiffs want to settle first.  If Defendants |
| 18 | | are serious about settling, the settlement |
| 19 | | should have been done as soon as possible.  It |
| 20 | | does not seem as though McLane intends to |
| 21 | | settle and it seems that this is all a delay |
| 22 | | tactic.  I do not know their seriousness as to |
| 23 | | the settlement process.  If the case does not |
| 24 | | settle, then we will need to go full force into |
| 25 | | litigation.  There have been months of delay, |
| 26 | | there has been ample time to get ready, and |
| 27 | | this was all designed to deceive the Court. |
| 28 | COURT: | I don't know if there will be a settlement.  I |

|   |   |   |
|---|---|---|
| 1 |  | was ordered by Judge Whaley to conduct a |
| 2 |  | settlement conference, and therefore we must |
| 3 |  | have a settlement conference.  We cannot go |
| 4 |  | back and recapature lost time.  Our only option |
| 5 |  | is to schedule a settlement conference, and I |
| 6 |  | hope that all parties will operate in good |
| 7 |  | faith and attempt to reach an agreement.  I |
| 8 |  | cannot force a settlement.  I can only force |
| 9 |  | the parties to come to the settlement |
| 10 |  | conference.  I can lead a horse to water, but I |
| 11 |  | can't make him drink.  We are here |
| 12 |  | today to schedule the settlement conference. |
| 13 |  | It would be difficult to hold the settlement |
| 14 |  | conference in July because of Criminal Duty I |
| 15 |  | have next week and other settlement conferences |
| 16 |  | that I have scheduled.  Therefore, because of |
| 17 |  | my schedule, the settlement conference cannot |
| 18 |  | occur any earlier than August 2, 2010.  Are the |
| 19 |  | Plaintiffs available on August 2, 2010? |
| 20 | DAVID McELROY: | If McLane were to speak of a "walk away" |
| 21 |  | settlement offer or merely dropping its request |
| 22 |  | for attorneys' fees . . . |
| 23 | COURT: | (interrupting) I fear that Plaintiffs may think |
| 24 |  | we should not have a settlement conference |
| 25 |  | because Judge Whaley denied Plaintiff Seymour's |
| 26 |  | Request for Declaratory Judgment.  We are |
| 27 |  | compelled to have a settlement conference, |
| 28 |  | and I hope it will not be a waste of |

| | | |
|---|---|---|
| 1 | | everyone's time.  Are Plaintiffs available |
| 2 | | on August 2, 2010? |
| 3 | EVERETT SEYMOUR: | I will be available. |
| 4 | DAVID MCELROY: | I will be available. |
| 5 | RONALD SELLERS: | I will be available. |
| 6 | COURT: | The settlement conference will be held on |
| 7 | | August 2, 2010, beginning at 1:30 p.m. in |
| 8 | | Courtroom No. 20 at 312 North Spring Street on |
| 9 | | the third floor.  Each side should submit a |
| 10 | | written settlement conference statement, which |
| 11 | | need not be served on the other side.  I will |
| 12 | | send out a formal order later today.  Thank you |
| 13 | | all. |

15    Lastly, the Magistrate Judge wishes to express the Court's
16 sincere regret regarding the Court's inability to produce an actual
17 (rather than a reconstructed) transcript of the July 13, 2010
18 telephonic conference.  Although this conference merely concerned the
19 scheduling of a settlement conference, and did not concern the merits
20 of the underlying litigation in any way, Plaintiffs' asserted distress
21 at the Court's inability to produce an actual transcript appears to be
22 genuinely felt.  The Magistrate Judge assures all parties that the
23 lack of an actual transcript resulted not from any intentional
24 wrongdoing by anyone, but from either the mechanical failure of the
25 ///
26 ///
27 ///
28 ///

1 recording equipment or the negligent operation of the recording
2 equipment.
3
4     DATED:  October 18, 2011.
5
6
7                         _____/S/_____
                                CHARLES F. EICK
                          UNITED STATES MAGISTRATE JUDGE
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28