UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| EVERETT SEYMOUR, DAVID JOHNSON, RONALD SELLERS, DAVID McELROY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>McLANE COMPANY, INC., a Texas corporation; McLANE/SUNEAST, INC., a Texas corporation, doing business as McLANE SOUTHERN CALIFORNIA; GARY JOHNSON, an individual, and DOES 1 through 50 inclusive,<br><br>Defendants. | No. ED CV-08-007-RHW<br><br>**ORDER AMENDING JUDGMENT** |

Before the Court is Defendants McLane Company, Inc.'s and McLane/Suneast, Inc.'s (collectively "McLane") supplemental briefing submitted pursuant to this Court's April 14, 2016 Order. **ECF No. 277**. Having reviewed the briefing and all relevant filings, the Court is fully informed. For the reasons set forth below, the Court agrees with Defendants' contention that the post-judgment attorneys' fees awarded in the Court's April 14th Order should not be apportioned among the responsible Plaintiffs.

**ORDER AMENDING JUDGMENT ~** 1

## BACKGROUND

On December 2, 2015, McLane filed a Motion to Amend the Judgment to Add Post-Judgment Attorney's Fees and Costs. ECF No. 275. In its Motion, McLane requested that the Court award $252,264.00 in attorneys' fees it expended during attempts to collect this Court's prior awards of attorneys' fees and costs. These "prior awards," ECF Nos. 163, 218, 229, are referred to collectively in this Order as the "Judgment."

In its April 14, 2016, Order granting McLane's request for post-judgment fees, the Court requested supplemental briefing from Defendants that "apportions, to the extent possible, the claimed $252,264.00 between David Johnson on the one hand, and Everett Seymour and David McElroy on the other," *Id.* at 18, which Defendants have now provided, ECF No. 277.

## DISCUSSION

The only remaining question before the Court regarding the post-judgment attorneys' fees requested by McLane is whether to apportion them among the Plaintiffs against whom the Judgment was entered, and if so, how those fees should be apportioned. To that end, although there is no authority that directly addresses apportionment in the context of a post-judgment award of statutory attorneys' fees, California law confers broad discretion on Courts to apportion (or not) fee awards. *See, e.g.*, *Zintel Holdings, LLC v. McLean*, 147 Cal.Rptr.3d 157, 167 (2012) (collecting cases); *Sokolow v. County of San Mateo*, 213 Cal.App.3d 231, 250-51 (Cal. Ct. App. 1989) ("The trial court, in its own broad discretion, *may* apportion the attorney fees award . . . ." (emphasis added)). When apportioning fees among parties, Courts have considered a variety of factors, including the time expended pursuing each party, *see, e.g.*, *Corder v. Gates*, 947 F.2d 373, 382 (9th Cir.1991), the culpability of each party, *see, e.g.*, *Jones v. Espy*, 10 F.3d, 691-92 (9th Cir. 1993), and even the relative effect the judgment had on each party, *see Sokolow*, 213 Cal.App.3d at 250-251.

**ORDER AMENDING JUDGMENT ~ 2**

Here, the Court can find no principled basis for apportioning fees among the Plaintiffs. As McLane points out, ECF No. 277 at 3, although the majority of the fees claimed in its Motion to Amend the Judgment result from its intervention in the state-court indemnity action commenced by Plaintiffs Everett Seymour and David McElroy, any recovery in that action will, by way of joint and several liability, also reduce Mr. Johnson's obligation to McLane. McLane's position in the state-court indemnity action is identical as to all three Plaintiffs—in essence, that the indemnity provisions contained in Plaintiffs' fee agreements with their former attorneys require those attorneys to satisfy McLane's Judgment. This similarity weighs heavily against apportionment. S*ee Bell v. Vista Unified School Dist.*, 82 Cal.App.4th 672, 687 (2000) ("Apportionment is not required when the claims for relief are so intertwined that it would be impracticable . . . to separate the attorney's time into compensable and noncompensable units."). Because the issues involved in the state-court action are essentially identical as to each Plaintiff, and because any recovery in that action would reduce Mr. Johnson's liability despite his lack of participation, the Court sees little reason to apportion the fees McLane incurred during its efforts to enforce the Judgment.

Accordingly, **IT IS HEREBY ORDERED:**

1. The Judgment—comprised of this Court's prior awards of attorneys' fees and costs, ECF Nos. 163, 218, 229—is hereby amended to include an additional award of attorneys' fees against Plaintiffs Everett Seymour, David

\\
\\
\\
\\
\\
\\
\\
\\

**ORDER AMENDING JUDGMENT ~ 3**

McElroy and David Johnson, jointly and severally, and in favor of Defendants in the amount of $252,264.00.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to counsel.

**DATED** this 12th day of May, 2016.

s/Robert H. Whaley<br>
ROBERT H. WHALEY<br>
Senior United States District Judge

**ORDER AMENDING JUDGMENT ~ 4**